**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT CORNISH, III<br>349 E. Dark Hollow Road<br>Pipersville, PA 18947 | :<br>:<br>:<br>: | CIVIL ACTION |
| Plaintiff,<br>v. | :<br>:<br>:<br>: | No. _____ |
| PEDDLER'S VILLAGE, INC. d/b/a<br>PEDDLER'S VILLAGE<br>90 East State Street<br>Doylestown, PA 18901<br>    and<br>PEDDLER'S VILLAGE<br>ADMINISTRATION, LLC<br>d/b/a PEDDLER'S VILLAGE<br>54A Peddlers Village<br>Route 263 and Street Road<br>Lahaska, PA  18931<br>    and<br>PEDDLER'S VILLAGE PARTNERSHIP<br>d/b/a PEDDLER'S VILLAGE<br>Street Road<br>Box 218<br>Lahaska, PA  18931 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **JURY TRIAL DEMANDED** |
| Defendants. | :<br>: | |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. This action has been initiated by Robert Cornish, III (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Peddler's Village, Inc., Peddler's Village Administration, LLC, and Peddler's Village Partnership, individually and collectively d/b/a Peddler's Village (*hereinafter* referred to as "Defendants") for violations of the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et. seq.*, the Fair Labor Standards Act ("FLSA" - 29

U.S.C. § 203 *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a) (4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

## PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[1] Plaintiff's claims under the PHRA is referenced herein for notice purposes.  He is required to wait 1 full year from the date of dual-filing with the EEOC before he can plead his claims arising under the PHRA.  Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA.  Plaintiff's PHRA claims however will mirror his federal claims under the ADA.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendants are single/integrated/joint business enterprises that operate collectively as Peddler's Village including numerous retail shops and restaurants, including the Cock-N-Bull restaurant where Plaintiff physically worked full-time as a server.

8. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Defendants hired Plaintiff as a full-time server in or about April of 2022.

11. Plaintiff worked at the Cock-N-Bull restaurant for the entirety of his time employed by Defendants.

12. Jeanne Schmalz (hereinafter "Ms. Schmalz") and J.D. Stinson served as Defendants' general managers and directly supervised Plaintiff.

13. Brian Anderson (hereinafter "Mr. Anderson") served as Defendants' assistant general manager and directly supervised Plaintiff.

14. At all times material, Plaintiff has and continues to suffer from long-term disabilities including generalized anxiety and panic disorder which (at times) substantially impact his daily life activities including but not limited to sleeping, interacting with others, managing and dealing with stress.

15. Plaintiff specifically notified and explained to Defendants' management, including but not limited to Mr. Anderson that he suffered from anxiety and panic disorder.

16. Plaintiff's aforesaid disabilities would occasionally flare-up, and when this occurred, he required minimal and reasonable accommodations, such as leaving before the end of his scheduled shift.

17. Plaintiff's requests for the aforesaid accommodation were minimal and sporadic throughout his employment and would have in no way caused any disruption to the workplace.

18. On one previous occasion, Plaintiff told Defendants' management that he was having a panic attack related to his disabilities and requested to go home. Ms. Schmalz, granted Plaintiff's request for accommodation and allowed him to leave early.

19. Plaintiff had performed his job duties without issue throughout most of his employment and while he had flareups at times, he was generally able to continue performing the essential functions of his job (except for the few times he asked to leave work early – discussed *supra*).

20. Plaintiff's last physical day at work with Defendants was on or about Tuesday December 13, 2022.

21. On or about December 13, 2022, Plaintiff began work around 12:00 p.m. and expected to work his full nine (9) hour shift until 9:00 p.m.

22. However, towards the end of his shift on December 13, 2022, and due to severe mental stressors, Plaintiff's aforesaid disabilities flared up and he began to experience a severe panic and anxiety attack.

23. Included in these stressors was Mr. Anderson telling Plaintiff that he was going to (illegally) withhold Plaintiff's tip money to cover an inoperable gift card used by a customer.

Plaintiff immediately objected to Mr. Anderson's unlawful statement and informed Mr. Anderson that withholding tips was flat out illegal.[2]

24.     Around 7:30 pm on December 13, 2022, Plaintiff informed Mr. Anderson that he was suffering from a severe panic and anxiety attack, specifically that he was trembling, crying, unable to focus and was having trouble breathing. Plaintiff explained to Mr. Anderson that he needed to go home early as a result of the same.

25.     Instead of granting Plaintiff's very reasonable request for accommodation (discussed *supra*), Mr. Anderson instead ridiculed and humiliated Plaintiff and directly implicating his disabilities, told Plaintiff "if you're going to *act like this*, find a new job *you can handle*."[3]

26.     Increasingly unable to regulate his stress and anxiety – the tone of Plaintiff's voice began to raise (a direct symptom of his anxiety disorder and side effect of a panic/anxiety attack) and tried again to explain that he could not control when he suffered from panic and anxiety attacks and just needed to end his shift slightly early – an unquestionable reasonable accommodation.

27.     Mr. Anderson again doubled down on his unlawful threat and warned Plaintiff that if he left early, Mr. Anderson would deduct his tips for the day to make up for the inoperable gift card.

---

[2] *See* 29 CFR 531.50(c).

[3] *See e.g., Fakete v. AETNA, Inc.*, 308 F.3d 335, 339 (3d Cir. 2002) ( "statements of a person involved in the decision-making process that reflect a discriminatory or retaliatory animus of the type complained of in the suit" will be sufficient to allow an inference of discrimination"); *Beshears v. Asbill*, 930 F.2d 1348, 1354 (8th Cir.1991)(employer's oral statement, "older employees have problems adapting to changed and new policies," was direct evidence of age discrimination); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999)(Reversing district court's summary judgment ruling for employer because employee produced direct evidence by testifying that two of his managers told him he was too old to work within 3 months of his termination).

28. Unable to continue working – and having been denied permission to end his scheduled shift, Plaintiff made arrangements for other employees to take over his assigned tables and left.

29. Later that night after leaving his shift on December 13, 2022, Plaintiff submitted a message on Defendant's human resources and scheduling app (7shift) again explaining that he had panic and anxiety disorder and had needed to leave his shift early as a result of the same.

30. On or about December 16, 2022, Defendants (through their Human Resources Manager Linda Rees – hereinafter "Ms. Rees") again directly implicated Plaintiff's disabilities and request for accommodation as the reasons for terminating his employment by asserting that (1) Plaintiff left his shift without authorization in violation of company policy; (2) that Plaintiff would have been permitted to leave early had he not acted inappropriately towards his manager; and (3) that he was being terminated for leaving his shift early and being insubordinate towards Mr. Anderson.

31. During this meeting, Defendant's actions caused Plaintiff to suffer another panic attack which left him visibly upset. Plaintiff again told Defendant's management that he suffered from panic and anxiety disorder, that he was currently experiencing another panic attack and that their actions were unfair and unlawful.

32. Defendant's actions were so egregious that Plaintiff's condition worsened to the point that he had to seek hospitalization and crisis intervention.

33. Defendants inadvertently left Plaintiff on the schedule for Monday December 19, 2022, and thinking that Defendants had corrected their discrimination, Plaintiff reported for work as scheduled.

34. At this time (on December 19, 2022), despite Plaintiff specifically telling Ms. Rees (again) and Defendants' Director of Human Resources, Kristin Garcia, that he had suffered a panic and anxiety attack as a result of his anxiety and panic disorder, Defendants' confirmed Plaintiff's termination.

## COUNT I
### Violations of the Americans with Disabilities Act "ADA"
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)
-Against All Defendants-

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. The motivating and/or determinative factor(s) leading to Defendants' decision to terminate Plaintiff were [1] his actual and/or perceived disabilities; [2] his record of impairment;; and/or [3] Defendant's refusal to accommodate Plaintiff.

37. Plaintiff believes and also avers that he was terminated in retaliation for requesting reasonable accommodations under the ADA.

38. These actions as aforesaid constitute violations of the ADA.

## COUNT II
### Violations of the Fair Labor Standards Act "FLSA"
(Retaliation)
-Against All Defendants-

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. Plaintiff made oral complaints that Defendants' management was violating the FLSA.

41. Plaintiff was terminated within extremely close and suggestive proximity of making such complaints and for making said complaints.

42. Plaintiff's complaints of unlawful pay practices were the determinative and/or motivating factor behind Defendants' decision to terminate his employment.

43. These actions as aforesaid constitute violations of the FLSA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hand of Defendants until the date of verdict;

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded any liquidated and/or punitive damages as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

F.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

G.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

H.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: April 5, 2023

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Robert Cornish, III : CIVIL ACTION
v. :
:
: NO.
Peddler's Village, Inc. d/b/a Peddler's Village, et al.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 4/5/2023 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 349 E. Dark Hollow Road, Pipersville, PA 18947

Address of Defendant: 90 E State St, Doylestown, PA 18901; 54A Peddler's Village, Rte 263 & Street Rd, Lahaska, PA 18931; Street Rd, Box 218, Lahaska, PA 18931

Place of Accident, Incident or Transaction: Defendants place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/5/2023    _____(signature)_____    ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
   *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 4/5/2023    _____(signature)_____    ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# CIVIL COVER SHEET

JS 44 (Rev. 06/17)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CORNISH, III, ROBERT

**DEFENDANTS**
PEDDLER'S VILLAGE, INC. D/B/A PEDDLER'S VILLAGE, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability |  |  | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment |  |  | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 330 Federal Employers' Liability |  | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine / 368 Asbestos Personal Injury Product Liability |  | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability / **PERSONAL PROPERTY** |  | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 350 Motor Vehicle / 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 196 Franchise |  |  | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
|  | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
|  |  | 751 Family and Medical Leave Act | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence |  |  |  |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  |  | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment / 535 Death Penalty |  |  |  |
| 290 All Other Real Property |  | **IMMIGRATION** |  |  |
|  | 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other | 462 Naturalization Application |  |  |
|  | 448 Education / 550 Civil Rights | 465 Other Immigration Actions |  |  |
|  | 555 Prison Condition |  |  |  |
|  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FLSA (29USC203)

Brief description of cause:
Violations of the ADA, FLSA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 4/5/2023

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[Print] [Save As...] [Reset]